(26 Misc. Rep. 318.)

LORING v. CHASE.

(Supreme Court, Special Term, New York County. January, 1899.)

1. JUDICIAL SALES—DEEDS—REVENUE STAMPS.

A purchaser at judicial sale is entitled to a deed which will be a defense to his title in any tribunal in which it may be attacked, and hence he can compel the referee to affix thereto the revenue stamps required by the "War Tax Act," since, without the stamps, the deed would not be competent evidence in the federal courts.

2. SAME.

A state court will not permit its officer making judicial sale to disobey a valid federal statute requiring revenue stamps to be attached to deeds.

Bill by Williamanna Loring against Ella Irwin Chase. Motion by Edmund Louis Mooney and Andrew J. Shipman, purchasers at foreclosure sale, to compel the referee to affix the proper internal revenue stamps to the referee's deed delivered to the purchasers. Granted.

Andrew J. Shipman, for the·motion.
Benjamin E. Hall, opposed.

SCOTT, J. Upon the reargument of the motion to compel the referee to buy and affix revenue stamps to his deed, it appears that the facts were not fully presented on the former argument. The motion was thus denied because it appeared that the purchaser had accepted the deed unstamped, and, further, that no surplus has resulted from the sale, and that the referee had distributed the proceeds of the sale and filed his report. It now appears that the purchaser objected to the delivery to him of an unstamped deed, and that the referee promised to retain funds to pay for revenue stamps in case the court should direct them to be put upon the deed, notwithstanding which, without giving the purchaser a reasonable time within which to apply to this court, he distributed the proceeds of the sale and filed his report. It also appears that, since the sale, the judgment has been amended regarding the amount of fees to be retained by the referee, in such manner that, unless such amendment be revoked, the referee has retained a sum larger than he is entitled to retain as fees, by an amount a little larger than the amount of stamps required to be put upon the deed. This leaves for decision the question whether the referee should be required to purchase and affix to his deed the revenue stamps prescribed by what is known as

the "War Tax Act." I think that he should. It is true that the absence of the stamps will not prevent the deed from being recorded or from being read in evidence in the courts of this state. People v. Fromme (Sup.) 54 N. Y. Supp. 833; Moore v. Moore, 47 N. Y. 468. This, however, is not a complete answer to the present motion. A purchaser at a judicial sale is entitled to receive a deed which, so far as such a deed can be, will be a defense to his title in any tribunal in which it may be attacked or he may be called upon to assert it. He may be so called upon in a federal court, and then his unstamped deed would be valueless as evidence.

There is, however, another and a broader reason why the referee should be required to stamp his deed. He is an officer of the court, acting under its directions, as its own. No question is made as to the power of the federal congress to lay an excise tax upon the business transactions of communities, and to collect that tax by means of stamps to be placed upon the written instruments exchanged between contracting parties (Moore v. Moore, supra); and it is the duty of every citizen to observe this law which imposes such a tax,—a duty the violation of which is, under the federal statute, a misdemeanor. It would be unseemly, at the very least, for this court, which is created for the enforcement and administration of law, to set an example of lawbreaking by directing its officer, acting under its authority, to disobey a valid federal statute, and himself become a misdemeanant.

The motion to direct the referee, as a part of the expenses of the sale, to purchase and affix to his deed the proper internal revenue stamps, is granted, but without costs.